UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

JAFARI T. MOORE,                      )
                                      )
        Plaintiff,                    )          Civil Action No. 6:14-114-DLB
                                      )
V.                                    )
                                      )          **MEMORANDUM OPINION**
UNITED STATES AGRICULTURE             )             **AND ORDER**
 DEPARTMENT, et al.,                  )
                                      )
        Defendants.                   )
                        ****   ****   ****   ****


        Jafari T. Moore is a federal inmate currently confined in the United States Penitentiary

located in Manchester, Kentucky.   Moore was formerly confined in the Unites States

Penitentiary-McCreary ("USP-McCreary") located in Pine Knot, Kentucky.  Proceeding *pro se*,

Moore has filed a complaint, and an amended complaint, pursuant to 28 U.S.C. § 1331 and the

doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971),

against various defendants[1].  Moore asserts claims of negligence and deliberate indifference to

his serious medical needs relative to an alleged injury to two fingers on his left hand on April 21,

2013.  Among other relief, Moore seeks injunctive relief and damages of $1,000,000.00.  [R. 1;

R. 2]  By prior Order, the Court granted Moore's motion to proceed *in forma pauperis*.  [R. 12]

---

[1] The named defendants are United States Agricultural Department, United States Department of Justice, and the
following Federal Bureau of Prisons ("BOP") personnel at USP-McCreary, individually and in their official
capacities:  J.C. Holland, Warden; Brian Maruka, Captain; B. Barron, Business Administrator; Mr. Stevens, Health
Services Administrator; and  EMT C. Griffis.

## I.   FACTUAL BACKGROUND

Moore claims that on April 21, 2013, two fingers on his left hand (his ring finger and adjacent little finger) were injured from being caught in the cell door.  Moore claims that as the result of this incident, these two fingers were broken. [R. 1, Page ID# 1] Moore states that he was escorted to the medical department and screened by EMT C. Griffis.[2] [R. 2, Page ID# 7] After the initial treatment for this injury, Moore says that he was placed in the Special Housing Unit for approximately two weeks and that during that time, he repeatedly requested, but did not receive, additional medical treatment for this injury.  Moore alleges that due to the lack of treatment, his "left hand has healed in a deformity and causes chronic pain."  [R. 1, Page ID# 1]

## II.   STANDARD OF REVIEW

The Court must conduct a preliminary review of Moore's complaint because he has been granted permission to proceed *in forma pauperis* and because he asserts claims against government officials.  28 U.S.C. §§ 1915(e)(2), 1915A.  A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997).  The Court evaluates Moore's complaint under a more lenient standard because he is not represented by an attorney.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003).  At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).   The Court has given his

---

[2]Moore's complaint [R. 1] identifies the medical nurse as Nurse Griffin, while Moore's amended complaint [R. 2] appears to identify the medical nurse as EMT C. Griffis.  It is unclear to the Court whether there were two people involved, both Nurse Griffin and EMT C. Griffis, or whether there was just one person who has been misidentified in either Moore's complaint or his amended complaint.  Moore will be directed to clarify this matter.

complaint a liberal, and hence broad, construction, and will evaluate any cause of action which can reasonably be inferred from the allegations made.

For the reasons stated below, Defendants Department of Agriculture and Department of Justice will be dismissed from this action.  Moore's claims against Defendants J.C. Holland, Warden; Brian Maruka, Captain; B. Barron, Business Administrator; and Mr. Stevens, Health Services Administrator, both individually and in their official capacities, will also be dismissed. Moore's claims against Defendant former EMT C. Griffis in his or her official capacity will be dismissed, although it appears that Moore is entitled to proceed with his claim against EMT C. Griffis in his or her individual capacity.

### III.  ANALYSIS

**A.**      <u>**Exhaustion of Administrative Remedies**</u>

Under the Prison Litigation Reform Act of 1995 ("PLRA"), Congress amended 42 U.S.C. § 1997e to make exhaustion of administrative remedies mandatory for prisoners. The statute provides that:

> No action shall be brought with respect to prison conditions under 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Therefore, a prisoner-plaintiff must first exhaust "such administrative remedies as are available" prior to bringing a prison conditions action in a District Court.  42 U.S.C. § 1997e(a).  This provision requires prisoners to exhaust all administrative remedies prior to filing a lawsuit regarding prison life, regardless of the relief offered through the administrative procedures. *Booth v. Churner*, 532 U.S. 731, 741 (2001).  This requirement applies to "all inmate suits about

prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 525 (2002).

Moreover, the Supreme Court has held that the PLRA requires proper exhaustion of the administrative remedy process, as "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules…" *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).  The Supreme Court stressed that the benefits of exhaustion "can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules." *Id.* at 95.

Although Moore's complaint and amended complaint are unaccompanied by documents confirming that he exhausted his administrative remedies prior to filing this action, he states in his amended complaint that he has exhausted his administrative remedies. [R. 2, Page ID# 7] At this juncture, the Court assumes the truthfulness of this statement.

**B.**     **Department of Agriculture and Department of Justice**

In the caption of Moore's complaint and amended complaint, he lists the Department of Agriculture and Department of Justice as defendants.  However, in the body of his complaint and amended complaint, Moore does not state how these two defendants violated his constitutional rights.  In fact, these two defendants are identified only in the caption of Moore's complaints. He makes no reference whatsoever to these two defendants elsewhere in his complaints. [R. 1; R. 2]

Moore has simply not articulated *any* claim against the Department of Agriculture and the Department of Justice.  As is, Moore's complaint fails to meet the pleading requirements of Fed. R. Civ. P. 8 and fails state any claim, Eighth Amendment or otherwise, against these two

defendants.  Consequently, the Department of Agriculture and the Department of Justice will be dismissed from this action.

**C.**     **Eighth Amendment Claim**

     *1.*     ***Official capacity***

In his amended complaint, Moore states that he is suing the defendants individually and in their official capacities. [R. 2, Page ID# 5]  Moore's Eighth Amendment claim against the defendants in their official capacities will be dismissed.  A *Bivens* claim for damages may only be asserted against federal employees in their *individual* capacities; it may not be asserted against federal employees/officers in their official capacities.  *Okoro v. Scibana*, 63 F. App'x 182, 184 (6th Cir. 2003); *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991).

When damages are sought against federal employees in their official capacities, the damages in essence are sought against the United States, and such claims cannot be maintained. *Clay v. United States*, No. 05-CV-599-KKC, 2006 WL 2711750 (E.D. Ky. Sept. 21, 2006). Moore's official capacity claims against the defendants will therefore be dismissed with prejudice for failure to state a claim upon which relief can be granted.  28 U.S.C. § 1915A(b)(1).

     *2.*     ***Individual Capacity***

        **a.**     **J. C. Holland, Warden**

Moore's amended complaint states: "Defendant, J. C. Holland, was at all relevant times herein Warden for the day-to-day operations and executes its policies."  [R. 2, Page ID #5] Assuming the truthfulness of this statement, it fails to state an Eighth Amendment claim against J. C. Holland  in that it does not state that J. C. Holland was personally involved in the decisions regarding his health care.

In his position as Warden, J. C. Holland would have no liability to Moore under the theory of *respondeat superior*.  That doctrine cannot be a basis for liability in a *Bivens* civil rights action.  *Polk County v. Dodson*, 454 U.S. 312 (1981).  Instead, liability must be premised on direct or personal involvement of the named defendant.  *Winkelman v. John Doe, et al.*, 2007 WL 2251893 *3 (E.D. Ky., Aug. 7, 2007) citing *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir.1989) and *Hays v. Jefferson County, Ky.*, 668 F.2d 869, 872 (6th Cir. 1982).  *See also Monell v. New York City Dep't of Social Servs.* , 436 U.S. 658, 691 (1978) ("a municipality cannot be held liable under §1983 on a Respondeat superior theory"); *Kesterson v. Luttrell*, 1998 WL 894843 (6th Cir., Dec. 15, 1998).  Defendants without personal involvement or participation in the unconstitutional act must be dismissed.  *Rizzo*, 423 U.S. 362.  In other words, when a complaint is filed against a federal official in his individual capacity, liability only lies where it can be affirmatively shown that the official acted personally in depriving the plaintiff of his constitutional rights, or knew of substantial violations but took no action under his control.  *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977).

Moore's complaint fails to articulate how J. C. Holland had knowledge of, caused, or participated in the alleged unconstitutional conduct.  To reiterate, liability for an alleged violation of one's civil rights cannot be imposed on any defendant absent that defendant's personal actions, and the doctrine of *respondeat superior* is not a basis for liability under *Bivens*.  Because Moore's complaint does not demonstrate any direct or personal involvement by J. C. Holland, his *Bivens* claim against J. C. Holland must be dismissed.

### b.    Brian Maruka, Captain

Moore's amended complaint states: "Defendant, Brian Maruka, was at all relevant times herein Captin [sic] of USP-McCreary, and as such, was responsible for security of the

institution."  [R. 2, Page ID #6] Assuming the truthfulness of this statement, it fails to state an Eighth Amendment claim against Brian Maruka in that it does not state that he was personally involved in the decisions regarding his health care.

In his position as Captain, Brian Maruka would have no liability to Moore under the theory of *respondeat superior*.  As previously stated, that doctrine cannot be a basis for liability in a *Bivens* civil rights action.  *Polk County v. Dodson*, *supra*.  Instead, liability must be premised on direct or personal involvement of the named defendant.  *Winkelman v. John Doe, et al.*, *supra*, citing *Leach v. Shelby County Sheriff*, *supra*, and *Hays v. Jefferson County, Ky.*, *supra*.  Simply put, defendants without personal involvement or participation in the unconstitutional act must be dismissed.  *Rizzo*, 423 U.S. 362.  To reiterate, when a complaint is filed against a federal official in his individual capacity, liability only lies where it can be affirmatively shown that the official acted personally in depriving the plaintiff of his constitutional rights, or knew of substantial violations but took no action under his control.  *Vinnedge v. Gibbs*, *supra*.

Moore's complaint fails to articulate how Brian Maruka had knowledge of, caused, or participated in the alleged unconstitutional conduct.  To reiterate, liability for an alleged violation of one's civil rights cannot be imposed on any defendant absent that defendant's personal actions, and the doctrine of *respondeat superior* is not a basis for liability under *Bivens*. Because Moore's complaint does not demonstrate any direct or personal involvement by Brian Maruka, his *Bivens* claim against Brian Maruka must be dismissed.

### c.    B. Barron, Business Administrator

Moore's amended complaint states: "Defendant, B. Barron, Business Administrator of USP-McCreary however, served in the capacity of Health Services Administrator who oversaw the day-to-day operations of the medical department."  [R. 2, Page ID #6] Assuming the

truthfulness of this statement, it fails to state an Eighth Amendment claim against B. Barron in that it does not state that B. Barron was personally involved in the decisions regarding Moore's health care.

Moore's complaint fails to articulate how B. Barron had knowledge of, caused, or participated in the alleged unconstitutional conduct. To reiterate, liability for an alleged violation of one's civil rights cannot be imposed on any defendant absent that defendant's personal actions, and the doctrine of *respondeat superior* is not a basis for liability under *Bivens*. Moore's claim against B. Barron suffers from the same fatal defect as his claims asserted against J. C. Holland and Brian Maruka, as Moore's complaint does not demonstrate any direct or personal involvement by B. Barron. Thus, his *Bivens* claim against B. Barron must be dismissed.

### d.    Mr. Stevens, Health Services Administrator

Moore's amended complaint states:   "Defendant, Mr. Stevens, Health Services Administrator and as such, oversaw the day-to-day operations of the medical department." [R. 2, Page ID #6] Assuming the truthfulness of this statement, it, too, similar to Moore's claims against J. C. Holland, Brian Maruka, and B. Barron, fails to state an Eighth Amendment claim against Mr. Stevens in that it does not state that he was personally involved in the decisions regarding his health care.

Again, Moore's complaint fails to articulate how Mr. Stevens had knowledge of, caused, or participated in the alleged unconstitutional conduct. To reiterate, liability for an alleged violation of one's civil rights cannot be imposed on any defendant absent that defendant's personal actions, and the doctrine of *respondeat superior* is not a basis for liability under *Bivens*. Because Moore's complaint does not demonstrate any direct or personal involvement by Mr. Stevens, his *Bivens* claim against Mr. Stevens must be dismissed.

**e.       Nurse Griffin and/or EMT C. Griffis**

Moore's complaint states that following this incident, before he was taken to the Special Housing Unit, he first went to the medical department, where he was examined by Nurse Griffin and that he asked Nurse Griffin "to set the bones and give me a pain killer for the severe pain I felt." [R. 1, Page ID# 1]  He states that Nurse Griffin responded, "there is nothing I can do for you.  What do you want me to do?"  *Id.*  In the caption of his complaint, Moore does not specifically name Nurse Griffin as a defendant; thus, it is unclear whether Moore is asserting a *Bivens* claim against Nurse Griffin.

Moore's amended complaint specifically names former EMT C. Griffis as a defendant. [R. 2]  Moore states that he was escorted to medical and screened by EMT C. Griffis, who told him that "there is nothing I can do.  Maybe I could put some popsicle sticks on your finger." [R. 2, Page ID# 7]

To reiterate, Moore's complaint [R. 1] identifies the medical nurse as Nurse Griffin, while Moore's amended complaint [R. 2] refers to EMT C. Griffis.  It is unclear to the Court whether there were two people involved, both Nurse Griffin and EMT C. Griffis, or whether there was just one person who has been misidentified in either Moore's complaint or his amended complaint.  While the Court is presently of the opinion that Moore's *Bivens* claim against either Nurse Griffin and/or former EMT C. Griffis should proceed, at this juncture, it is not possible for summons to issue as to either or both of these defendants pending the receipt of additional information from Moore to clarify this matter.

## IV.  CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1)    Moore's complaint against Defendants Department of Agriculture and Department of Justice is **DISMISSED** because it fails to meet the pleading requirements of Fed. R. Civ. P. 8 and fails state any claim against these two defendants for which relief can be granted.  Defendants Department of Agriculture and Department of Justice are **DISMISSED** from this action.

(2)    Moore's *Bivens* claims against all remaining Defendants in their official capacities for violations of the Eighth Amendment are **DISMISSED WITH PREJUDICE** for failure to state a claim against them for which relief can be granted.

(3)    Moore's *Bivens* claims against the Defendants J.C. Holland, Warden; Brian Maruka, Captain; B. Barron, Business Administrator; and Mr. Stevens, Health Services Administrator in their individual capacities for violations of the Eighth Amendment are **DISMISSED WITHOUT PREJUDICE** for failure to comply with the pleading requirements of Fed. R. Civ. P. 8.

(4)    Moore's *Bivens* claim against the Defendant EMT C. Griffis in his or her individual capacity for violations of the Eighth Amendment is not **DISMISSED** at this time. The Court reserves judgment on Moore's claim against EMT C. Griffis pending the receipt of additional information from Moore.

(5)    **Within twenty-one (21) days of the date of this Order**, Moore shall advise the Court whether Nurse Griffin and EMT C. Griffis are one and the same person or whether they are two different persons, and he shall clarify whether his *Bivens* claim is against Nurse Griffin or EMT C. Griffis or both.

10

(6)     No summons shall issue pending the receipt of additional information from Moore.

This 5th day of January, 2015.



Signed By:
*David L. Bunning*
United States District Judge

G:DATA/ORDERS/London/2014/14-114 DLB MOO2 Bivens DWS