### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF KENTUCKY
### SOUTHERN DIVISION
### AT LONDON

| | | |
|---|---|---|
| **JAFARI T. MOORE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No. 14-114-DLB** |
| | ) | |
| **V.** | ) | |
| | ) | **MEMORANDUM OPINION** |
| **UNITED STATES AGRICULTURE** | ) | **AND ORDER** |
| **DEPARTMENT, et al.,** | ) | |
| | ) | |
| **Defendants.** | | |

**\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\***

### INTRODUCTION

Jafari T. Moore is in custody of the Bureau of Prisons ("BOP") and is currently confined in the Federal Correctional Institution located in Memphis, Tennessee ("FCI-Memphis"). Moore was formerly confined in the Unites States Penitentiary-McCreary ("USP-McCreary") located in Pine Knot, Kentucky. Proceeding *pro se*, Moore filed a complaint, and amended same, pursuant to 28 U.S.C. § 1331 and the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), against various defendants. Moore asserts claims of negligence and deliberate indifference to his serious medical needs relative to an alleged injury to two fingers on his left hand on April 21, 2013, while he was confined at USP-McCreary. He seeks injunctive relief and damages of $1,000,000.00. [R. 1; R. 2]

Following the screening required by 28 U.S.C. §§ 1915(e)(2), 1915A, for the reasons stated in the Memorandum Opinion and Order ("MOO") entered on January 5, 2015, the Court dismissed all claims against all defendants, except for Moore's claims against defendant C. Griffis in his or her individual capacity. [R. 13]. As explained in that Order, given the uncertainty in the complaint concerning the identity of this defendant and whether there were

two different defendants with similar names, the Court directed Moore to clarify certain details regarding this named defendant. *Id.* In response to the foregoing MOO, Moore has clarified that Christopher Griffis, E.M.T.-P, not Christopher Griffin, is the correct name of the person he intended to name as a defendant in this action. [R. 18, p. 2].

Moore has also moved for reconsideration of the Court's decision embodied in the MOO, and he has also moved for leave to amend the complaint for the purpose of naming additional defendants to this *Bivens* action, as well as asserting a claim against the United States of America pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680. Moore's motions [R. 18; R. 19] are accompanied by a tendered amended complaint. [R. 19-1].

<u>**ANALYSIS**</u>

A.      <u>**Motion to amend complaint**</u>

Moore seeks to amend his complaint for multiple purposes: (1) to correct the deficiencies in his original complaint [R. 1] and amended complaint [R. 2] that were brought to his attention in the  January 5, 2015 MOO; (2) to reassert *Bivens* claims against some defendants who were dismissed from this action pursuant to the January 5, 2015 MOO; (3) to assert *Bivens* claims against additional  defendants who were not named in the prior complaints; and (4) to assert an FTCA claim against the United States of America.

Fed. R. Civ. P. 15(a)(1)(A) provides that a party may amend its pleading once as a matter of course within twenty-one (21) days after the pleading is served.  In this case, no summons has yet been issued to any of the named defendants.  For that reason, the Court will grant Moore's motion for leave to amend his complaint.  Since none of the defendants have been served with

any pleading, at this juncture, there are no defendants before the Court, and they will not be prejudiced by the filing of an amended complaint.[1]

**B.**     **Motion to reconsider**

Moore has moved the Court to reconsider the dismissal of his *Bivens* claims against all defendants except C. Griffis, EMT, in his individual capacity.   In his tendered amended complaint  [R. 19-1], Moore seeks to establish a foundation for his *Bivens* claims against some of the dismissed defendants, as well as a foundation for asserting *Bivens* claims against additional defendants.

Moore can obtain relief from the January 5, 2015 MOO, pursuant to Fed. R. Civ. P. 60(b)(6), which permits relief from a judgment or order for:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) a void judgment; (5) a judgment that has been satisfied, released, or discharged, or a prior judgment upon which it is based that has been reversed or otherwise vacated; or (6) any other reason justifying relief from the operation of the judgment. Moore appears to be entitled to relief under Rule 60(b)(6), the residual provision of Rule 60(b). That subsection provides relief from a judgment or order only in the unusual and extreme situation when "principles of equity" mandate relief.  *See Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001).   Moore's motion to reconsider the dismissal of some defendants from this action will be granted.

---

[1]Further, since Moore's proposed amended complaint asserts a claim "that arose out of the conduct, transaction, or occurrence set out - or attempted to be set out - in the original pleading" it would relate back to the date when Moore's original complaint was filed, May 13, 2014.  *See* Fed. R. Civ. P. 15(c)(1)(B).  Moore's tendered amended complaint will be deemed filed as of May 13, 2014.

In Moore's tendered amended complaint, he expands upon the factual background of his claims, as seen in the following *verbatim* excerpt from his complaint:

### VIII. FACTUAL AVERMENTS

1.  While at U.S.P Mccreary, the plaintiff complained of his finger being broke from trying to break up a fight, and or closed in a cell door.

2.  Approximately one hour later plaintiff was escorted to medical and screened by EMT- Chrostopher [sic] Griffis.

3.  Plaintiff asserts that during that screening, because it was evident that plaintiffs finger was broke[n] requested that he be taken to an outside hospital to have his fingers set and put in a cast.

4.  Acting "indifferent" for the request of medical care EMT- Griffis stated that "there's nothing I can do, mabe [sic] I could put some popcicle [sic] sticks on your finger".

5.  Following my initial and most crutial [sic] screening instead of being taken to the hospital as any trained medical professional would· have done or suggested, plaintiff was instead escorted to the S.H.U for trying to get medical attention in a way to have him isolated from his (Griffis) Bosse's in order to have a second opinion of his initial screenteng [sic], which was obviously an incorrect statement of proper medical care quote "Put popcicle [sic] sticks on a broke[n] finger".

6.  Plaintiff asserts for the next several days, plaintiff made several complaints about the injury to the fingers that were plainly one broken and the other injured, and were· in pain from this injury to his fonger [sic].

7.  But plaintiff asserts that during SHU "Sick call rounds, on April 24, 2013 plaintiffs medical provider A. Bryant another agent of the U.S.A acting under the color of the law looked at my hand plaintiff again advised him of his request to be taken to the outside hospital, but again acting "indifferent" to plaintiffs medical care stated "Keep it elevated". Another incorrect statement made by a "Medical Proffesional [sic]" to an obvious serious injury to plaintiffs plight. Plaintiff asserts that this is a "shocking statement" to plaintiffs condiction [sic] comming [sic] from someone who's charged with the care of individuals that are in the modernized world in an advanced medical feild [sic] where a "broken[n] finger" or bone for that matter is an abvious [sic] thing from just the sight of it, no x-ray needed. where [sic] no ordinary trained medical professional would make these comments to someone suffering, except those who were acting with "delibrate [sic] indifference". A total disrespect to any one in the medical proffession [sic].

4

8.   Approximately a week later, plaintiff was released from the "SHU" and imediatley [sic] made a request to see the doctor.

9.   Approximately 20 excruciating day's [sic] later with plaintiffs broken finger a daily reminder of the indifference of the health care staff in the "B.O.P.", plaintiff was seen by Dr. Vazquez (this defendant co-signed EMT-Griffis initial Treatment plan) who again failed to grasp the relization [sic] of the situation and see the "obvious" a broken finger ordered an unessary [sic] x-ray, instead of sending plaintiff to the emergency room on the outside w[h]ere he could be seen by caring professionals who knew what to look for, regarding injury's [sic] to the body, and would act without the normal indifference of the B.O.P.  Following which Dr. Vazquiez [sic] reccommened [sic] I see an contracted specialist.   Another incorrect measure taken by an health care Professional.

10.   On May 14, 2013 plaintiffs [sic] finger was x-rayed and the obvious was stated that he had a broken finger.

11.   Approxmitaly [sic] One (1) Year and eight days later plaintiff was seen by a hand specialist and was advised that because of the time that has passed that the only remedy would be partial amputation of his finger.

11.   As of today Mar 21, 2015 plaintiff has still not had the surgery that will leave him scar[r]ed for life, plaintiff asserts that he came to prison with all Ten fingers but will leave the B.O.P's care with one less finger, and allot [sic] of doubt as to the profession of the doctors and thr [sic] treatment of the B.O.P.

12.   From April 21,2013 Till May 14, 2013 all relevent [sic] parites [sic] acting under the color of law provided plaintiff with indifference, neglent [sic] medical care all of which has been brought to the U.S.A attention before plaintiffs [sic] iinjury [sic] had become irreversiable [sic] as will be demonstraited [sic] with minimal discovery givin [sic] the opportunity.

Complaint, [R. 19-1, Page ID## 183-186].

In light of the allegations stated above, the Court has reconsidered the January 5, 2015 MOO and Moore's claims asserted in the amended complaint [R. 19-1], as explained below.

## C.   **Eighth Amendment Claim**

### 1.   **Official capacity**

In his tendered amended complaint, Moore states that he is suing the following defendants individually and in their official capacities: Christopher Griffis, A. Bryant, Jorge

Vazquez-Valazquez, Mack Bonner, and B. Barron.  [R.19-1. Page ID# 181].  Moore also states that he is suing Charles Samuels, Jr., in his official capacity as Director of the BOP, not for damages, but only for purposes of injunctive relief.  To reiterate from the January 5, 2015 MOO, Moore cannot assert an Eighth Amendment claim for damages against the defendants in their official capacities.  A *Bivens* claim for damages may only be asserted against federal employees in their *individual* capacities; it may not be asserted against federal employees/officers in their official capacities.  *Okoro v. Scibana*, 63 F. App'x 182, 184 (6th Cir. 2003); *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991).

When damages are sought against federal employees in their official capacities, the damages in essence are sought against the United States, and such claims cannot be maintained. *Clay v. United States*, No. 05-CV-599-KKC, 2006 WL 2711750 (E.D. Ky. Sept. 21, 2006). Moore's **official capacity claims** against defendants Christopher Griffis, A. Bryant, Jorge Vazquez-Valazquez, Mack Bonner, and B. Barron will therefore be **dismissed with prejudice** for failure to state a claim upon which relief can be granted.  28 U.S.C. § 1915A(b)(1).

Moore's claim against Charles Samuels, Jr., Director of the BOP, in his official capacity, solely for purposes of injunctive relief is permissible.  Moore may proceed with said claim.

### 2.        Individual Capacity

#### a.        Christopher Griffis

Moore states that following this incident, before he was taken to the Special Housing Unit ("SHU"), he first went to the medical department, where he was examined by Nurse Griffis and that he asked Nurse Griffis "to set the bones and give me a pain killer for the severe pain I felt."  [R. 1, Page ID# 1] He states that Nurse Griffis responded:  "there is nothing I can do. Maybe I could put some popsicle sticks on your finger."  [R. 2, Page ID# 7].  Moore alleges that

Griffis knew or should have known that his broken finger was a medical condition that required further diagnosis and treatment by an outside medical provider and that he was "deliberately indifferent" to this serious medical need by not taking further action to treat or obtain treatment for his injured fingers.

Given the factual background alleged, the Court concludes that Moore's *Bivens* claim against Christopher Griffis, EMT at USP-McCreary, in his individual capacity for monetary damages can go forward at this juncture.  Griffis must respond to Moore's complaint, as amended.

### b.      A. Bryant, P.A.

A. Bryant, P.A., in the medical department at USP-McCreary, apparently encountered, examined, and/or treated Moore for his injured/broken fingers while Moore was housed in the SHU.  Moore's claim against A. Bryant is based on A. Bryant's failure to promptly refer him to a medical specialist for further care and treatment of his injured/broken fingers.  Moore contends that A. Bryant simply telling him to "keep it elevated" effectively disregarded his serious medical needs by failing to take reasonable and timely measures to abate the injury.

Given the factual background alleged, the Court concludes that Moore's *Bivens* claim against A. Bryant, P.A. at USP-McCreary, in his individual capacity for monetary damages can go forward at this juncture.  A. Bryant must respond to Moore's complaint, as amended.

### c.      B. Barron, Business Administrator

In Moore's amended complaint [R. 19-1], he reasserts his previously-dismissed *Bivens* claim against B. Barron.  In an earlier complaint [R. 2] Moore stated: "Defendant, B. Barron, Business Administrator of USP-McCreary however, served in the capacity of Health Services Administrator who oversaw the day-to-day operations of the medical department."  [R. 2, Page

ID #6].  Assuming the truthfulness of this statement, it fails to state an Eighth Amendment claim against B. Barron in that it does not state that B. Barron was personally involved in the decisions regarding Moore's health care.

Neither Moore's prior complaints [R. 1; R.2] nor his amended complaint [R. 19-1] articulate how B. Barron had knowledge of, caused, or participated in the alleged unconstitutional conduct.  Moore does not mention any conduct or actions by B. Barron in the factual background quoted above from his amended complaint [R. 19-1].  Thus, he has failed to correct the prior deficiencies noted with his claim against B. Barron.  To reiterate, liability for an alleged violation of one's civil rights cannot be imposed on any defendant absent that defendant's personal actions, and the doctrine of *respondeat superior* is not a basis for liability under *Bivens*.  Moore's tendered Amended Complaint [R. 19-1] does not demonstrate any direct or personal involvement by B. Barron.  Thus, his *Bivens* claim against B. Barron will remain dismissed.

### d. J. Velazquez -Vazquez, M.D.

 Jorge Vazquez-Velazquez, M.D., at USP-McCreary, examined Moore on May 14, 2013, a little more than 20 days after the injury to his fingers on April 21, 2013.  Moore alleges that Dr. Vazquez ordered an unnecessary x-ray of Moore's finger, failing to grasp that it was obvious that Moore had a broken finger, when Dr. Vazquez should have sent him to an outside emergency room for care and treatment at that time.  Moore states that the x-ray of his finger on May 14, 2013, indicated that the finger was broken.  Moore further states that a little more than a year later, he was examined by a hand specialist who advised him that due to the passage of time since his finger was broken, the only remedy would be partial amputation of that finger.  Moore

also states that after the passage of nearly another year, he still has not had surgery on his injured finger. [R. 19-1, Page ID## 185-186].

Given the factual background alleged, the Court concludes that Moore's *Bivens* claim against Dr. Vazquez at USP-McCreary, in his individual capacity for monetary damages can go forward at this juncture.  Dr. Vazquez must respond to Moore's complaint, as amended.

### e.    Mack Bonner, M.D.

In Moore's tendered Amended Complaint [R. 19-1], he asserts a *Bivens* claim against Mack Bonner, M.D.  It appears from Moore's medical records that Dr. Bonner reviewed and co-signed the medical records compiled by Christopher Griffis, EMT, and by A. Bryant, P.A., after they had examined and/or treated Moore for the injured finger at issue.   Moore does not state that Dr. Bonner ever examined or treated him, but that Dr. Bonner reviewed and approved the medical records prepared by Griffin and Bryant.  Other than Dr. Bonner's co-signing of Moore's medical records, Moore's amended complaint fails to articulate how Dr. Bonner caused or participated in the alleged unconstitutional conduct by Griffin and Bryant.  [R. 19-1].  Thus, he has failed to state a constitutional claim against Dr. Bonner.  To reiterate, liability for an alleged violation of one's civil rights cannot be imposed on any defendant absent that defendant's personal actions, and the doctrine of *respondeat superior* is not a basis for liability under *Bivens*.  Dr. Bonner's actions, in simply co-signing medical records as a superior, is insufficient to establish that Dr. Bonner was directly or personally involved in Moore's treatment.  Thus, Moore's *Bivens* claim against Dr. Bonner will be **dismissed**.

### D.    Federal Tort Claims Act

In Moore's tendered amended complaint [R. 19-1], he asserts a claim against the United States of America, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b),

2671-2680, concerning the care and treatment he received at USP-McCreary for his broken finger, subsequent to the occurrence of that injury on April 21, 2013.   Moore requests compensatory damages of $250,000.00 against the United States of America.  [R. 19-1, Page ID# 197].

The United States of America is immune from suit except where its sovereign immunity is explicitly waived.  *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994).   The Federal Tort Claims Act (" FTCA") waives the sovereign immunity of the United States government and allows federal district courts to hear tort actions against the federal government for ". . . injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  28 U.S.C. § 1346(b)(1).  *Levin v. United States*, 133 S. Ct. 1224, 1228 (2013).

The FTCA is the exclusive remedy for tort actions against the federal government, its agencies and employees.  *Ascot Dinner Theatre v. Small Business Admin.*, 887 F.2d 1024, 1028 (10th Cir. 1989).  Federal prisoners are included as possible plaintiffs in FTCA cases.  *United States v. Muniz*, 374 U.S. 150 (1963).  *See also*, 28 U.S.C. § 1346(b)(1); *Sosa v. Alvarez-Machain*, 542 U.S. 692, 700 (2004).  A claim under the FTCA may only be asserted against the United States of America.  *See* 28 U.S.C. § 2674; *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009) ("The United States is the only proper defendant in an FTCA action."); *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008) ("The only proper defendant in an FTCA action is the United States.").  The United States of America is properly named as a defendant herein.

To file an FTCA action, a plaintiff must complete a two-step process. First, the plaintiff must "present ... the claim to the appropriate federal agency" in writing within two years after the claim accrues.[2] 28 U.S.C. § 2675(a); 28 U.S.C. § 2401(b). Second, "[t]he FTCA requires that a claimant exhaust all administrative remedies before filing a complaint in federal district court. This requirement is jurisdictional and cannot be waived." *Celestine v. Mount Vernon Neighborhood Health Ctr.,* 403 F.3d 76, 82 (2nd Cir. 2005). In order to exhaust an FTCA claim, a federal inmate must first file his claim with the BOP's regional office. See 28 C.F.R. § 543.31(c). If the inmate is dissatisfied with the regional office's response, he may submit a written request for reconsideration. *See id*. § 543.32(g). Only if the inmate is "dissatisfied with the final agency action" may he file an FTCA suit in federal court. *See id.*; *Ali v. Federal Bureau of Prisons*, 552 U.S. 214, 242 (2008). After a plaintiff has presented his claim to the appropriate federal agency and exhausted that claim with the agency, he may then file a complaint in federal court "within six months after the date of mailing of final denial" of the administrative claim.[3] 28 U.S.C. § 2401(b).

It appears that Moore has properly presented his FTCA claim to the BOP and has administratively exhausted that claim. Moore's complaint alleges that this incident occurred on April 21, 2013. Moore attached a copy of Standard Form 95 to his complaint. [R. 18-3, Page ID## 109-110], and a copy of the BOP's response to his Administrative Tort Claim identified as Claim No. TRT-MXR-2013-06953 [R. 18-3, Page ID## 112-113]. The BOP initially denied

---

[2] **Error! Main Document Only.**A demand is considered "presented" when the federal agency receives written notification of the alleged tortious incident and the alleged injuries, together with a claim for money damages in a sum certain. 28 C.F.R. § 14.2(a).

[3] **Error! Main Document Only.**A federal agency's failure "to make [a] final disposition of a claim within six months after it is filed shall ... be deemed a final denial." 28 U.S.C. § 2675(a).

Moore's tort claim, but it later reconsidered that claim; however, by letter dated April 17, 2014, the BOP again denied Moore's tort claim.  [R. 18-3, Page ID# 115].

The exhibits Moore submitted regarding his FTCA claim reflect that on December 3, 2014, the Utilization Review Committee approved his request for orthopedic surgery by a specialist outside of the prison.  [R. 18-3, Page ID# 108].  In his recent amended complaint [R. 19-1], Moore states that as of March 21, 2015, he still has not had the corrective surgery for his broken finger that improperly healed.  [R. 19-1, Page ID# 186].  Given the amount of time that has passed following the initial injury to Moore's finger on April 21, 2013, and in an effort to prevent further delay in the prosecution of this matter, the Court concludes that a response from the United States of America as to Moore's FTCA claim is warranted.

<u>CONCLUSION</u>

Accordingly, **IT IS ORDERED** as follows:

1.      Moore's Motion for Leave to Amend his Complaint, pursuant to Fed. R. Civ. P. 15 [R. 19] is **GRANTED**, and Moore's tendered amended complaint [R. 19-1] **SHALL BE FILED** *nunc pro tunc,* as of May 13, 2014, the date Moore's original complaint was filed.

2.      Moore's Motion for Reconsideration of the January 5, 2015 <u>Memorandum Opinion and Order</u> [R. 13], dismissing some claims and some defendants [R. 18] is **GRANTED** to the extent that the Court has reconsidered the January 5, 2015 <u>Memorandum Opinion and Order</u> [R. 13].  Upon reconsideration, the Court **REAFFIRMS** the dismissal of the claims and the defendants previously dismissed from this action on January 5, 2015.

3.      Moore's Motion to Clarify the Record as to the identity of Christopher Griffis, EMT at USP-McCreary [R. 18] is **GRANTED**.

4.      Moore's *Bivens* claim against Charles Samuels, Jr., Director of the Bureau of Prisons, in his official capacity for injunctive relief shall proceed, and summons shall issue thereto.

5.      Moore's *Bivens* claims against defendants Christopher Griffis, A. Bryant, Jorge Vazquez-Valazquez, M.D., Mack Bonner, M.D. and B. Barron, Business Administrator, all named in the tendered amended complaint  [R. 19-1, in their official capacities for violations of the Eighth Amendment are **DISMISSED** for failure to state a claim against them for which relief can be granted.

6.      Moore's *Bivens* claims against the defendant Mack Bonner, M.D., in his individual capacity for damages for violations of the Eighth Amendment are **DISMISSED WITHOUT PREJUDICE** for failure to comply with the pleading requirements of Fed. R. Civ. P. 8.

7.      Moore's *Bivens* claims against the defendants Christopher Griffis, A. Bryant, and Jorge Vazquez-Valazquez, M.D., in their individual capacities for violations of the Eighth Amendment shall proceed and summons shall issue as to these defendants.

8.      Moore's claim against the United States of America under the Federal Tort Claims Act shall proceed at this time.  The United States shall respond thereto.

9.      The Clerk shall prepare the documents necessary for service of process upon:

    a.      Charles Samuels, Jr., Director of the Bureau of Prisons;

    b.      Christopher Griffis, EMT, USP-McCreary;

    c.      A. Bryant, P.A., USP-McCreary;

    d.      Jorge Vazquez-Valazquez, M.D., USP-McCreary; and,

    e.      United States of America.

13

10.     The Clerk shall prepare a "Service Packet" consisting of the following documents for service of process upon the above-mentioned defendants:

      a.     a completed summons form;

      b.     the amended complaint [R. 19-1], Moore's Administrative Remedy history [R. 18-2], Moore's FTCA claim history [R. 18-3]; Moore's medical records [R. 18-4]; Moore's correspondence [R. 18-5];

      c.     this Memorandum Opinion and Order; and,

      d.     a completed United States Marshals' Service ("USMS") Form 285.

11.     The Clerk shall provide the Service Packet(s) to the USMS for service of process to the defendants.

12.     Service of Process upon on Charles E. Samuels, Jr., Director of the Bureau of Prisons, shall be made by serving a Service Packet *by certified or registered mail* to Charles E. Samuels, Jr., Director of the Bureau of Prisons, at the BOP's Central Office in Washington, D.C.

13.     Service of Process upon Christopher Griffis, EMT, USP-McCreary; A. Bryant, P.A., USP-McCreary; and Jorge Vazquez-Valazquez, M.D., USP-McCreary, shall be conducted by the USMS by serving a Service Packet *personally* upon these defendants, through arrangements with the prison officials at USP-McCreary.

14.     Service of Process upon on the United States of America shall be made by serving a Service Packet *by certified or registered mail* to the Office of the Attorney General of the United States in Washington, D.C.

15.     The USMS shall also serve the defendants by providing a Service Packet *by certified or registered mail* to:

      a.     the Civil Process Clerk at the Office of the United States Attorney for the Eastern District of Kentucky;

b.      the Office of the Attorney General of the United States in Washington, D.C.; and,

c.      the BOP's Central Office in Washington, D.C.

16.      The USMS is responsible for ensuring that each defendant is successfully served with process.  In the event that an attempt at service upon a defendant is unsuccessful, the USMS shall make further attempts and shall ascertain such information as is necessary to ensure successful service.

17.      The plaintiff **SHALL**:

a.      Immediately advise the Clerk's Office of any change in his current mailing address.  **Failure to do so may result in dismissal of this case**.

b.      Communicate with the court *solely* through notices or motions filed with the Clerk's Office.  **The court will disregard correspondence sent directly to the judge's chambers.**

c.      In every notice, motion, or paper filed with the court, certify in writing that he has mailed a copy to every defendant (or his or her attorney) and state the date of mailing. **The court will disregard any notice or motion which does not include this certification.**

This 13th day of August, 2015.



Signed By:
*David L. Bunning*
United States District Judge

G:DATA/ORDERS/ProSe/14-144 Order Allowing Amended Complaint