UNITED STATES DISTRICTCOURT
EASTERN DISTRICT OF KENTUCKY

JAFARI MOORE
PLAINTIFF

\*

    V

UNITED STATES OF AMERICA;
B. BARRON, CHRISTOHPER GRIFFIS
A. BRYANT, MACK BONNER MD,       \* DOCKET NO:_____
VELAZQUEZ VAZQUEZ, AND OTHERS
KNOWN AND UNKNOWN. CHARLES SAMUELS JR.

 

\*      COMPLAINT

[WITH JURY TRIAL DEMAND]

\*

## I.   NATURE OF THE CASE

The incendents and ommissions of which plaintiffs lawsuit is based

occurred as a direct result  of deliberate, malicious, intentional

wreckless, negligence and indifference to plaintiffs medical needs

by  the Federal Bureau of Prisons health services and United States

of America, and it's agents described above.

This Complaint is brought by plaintiff seeking, injuctive reief,

damages, compelling defendants across the B.O.P to provide adequate

and proper medical treatment and care to the plaintiff and future

inmates after him. Additionally Plaintiff seeks fair and just

compensation for the physical pain and suffering, anguish, and

actual injury inflicted upon the plaintiff as a direct result

(1)

of the wrongful and negilent acts and omissions by the defendants.
This action is also brought to ensure that these defendants and
others are deterred from engaging in such wrongful activity again.
Plaintiff brings this lawsuit under two specific legal theories
for recovery of relief. Namely plaintiff sues defendant U.S.A
under the provisions of 28 U.S.C §2671, et,seq, Federal tort claims
Act for the negligent acts and omissions of the B.O.P and it's
agents relative to the malpractice treatment of plaintiff's medical
condition. The plaintiff will allege, and prove given minimal
discovery, that spcific B.O.P agents and defendants herein named
caused plaintiff unnecessary physical pain, suffering, permanant
loss of his finger, and exposed life threatening side effects
namely possible blood clot's due to the broken finger. All of
this due to incompentence, indifference, and negligence of defendants
and their agents.

Secondly, plaintiff seeks relief under the theory of
"deliberate Indifference" as announced by the United States Supreme
Court in ESTELLE V GAMBLE  429 U.S 97(1976). This cause of action
is brought under 28 U.S.C §1331 as a "Bivens" action as authorized
by the Supreme Court in Bivens  v. Six Unknown agents of Narcotics,
403 U.S 388 (1971)

Specifically, plaintiff will allege and prove that certain
named defendants while acting under federal law and authority
exercised such gross incompentence and callous disregard in the
treatment of plaintiffs medical case and condition that such
amounted to "deliberate indifference: to plaintiffs medical needs
to the piont of it resulting in plaintiffs finger being amputated

(2)

all in violation of plaintiffs eight and fourteenth amendments prohibition against "Cruel and unusual punishment".

## II.   CONDITIONS PRECEDENT STATEMENT

### A. ADMINISTRATIVE REMEDIES:

The prison litigation Reform Act of 1995 as amended in 42 U.S.C §1997(e) requires a prisoner to exhaust avalable administrative remedies before bringing a civil action into fede ral court complaining about prison conditions. Booth v Churner, 532 U.S---, 149 L. ED.2d 958(2001).

Pursuant to the Code of Federal Regualtions(C.F.R.), 28 C.F.R §542.10, did seek and exhaust all available administrative remedies as follows;

1.  On July 24,2013 plaintiff iniated the administrative remedy process by submitting his informal resolution form(B.P.8); being the first tier of the B.O.P's administrative regimen.

2. Unsatisfied with the informal resolution the plaintiff filed a B.P.9 (Second tier component) to the warden of the prison. his being dated Aug,12 2013, and recieved by the administrative coordinator on Aug 30,2013 (Administrative remedy number 747248-F2.

3. On Sept 12,13, the warden made a written response to plaintiffs B.P.9.

4. On Sept 19, 2013 plaintiff filed his B.P. 10 (Third teir filing) to the B.O.P's  Mid- Atlantic Region ("Region").

(3)

5. On Nov 13,2014  Region advised that Adequate and complete medical care was being followed.

6. Plaintiff asserts that unhappy with this response he files the last (fourth and final tier) to the B.O.P Central office dated Jan 22,2014. The B.O.P used the usual stall tactics that are in place by rejecting the B.P.11 because plaintiff did not  attach the B.P. 10 answer, even though plaintiff advised him that the response was late and was considered denied, as policy. This B.P.11 has three seperate recieve dates on it.

## B. ADMINISTRATIVE TORT CLAIM

Prior to seeking monetary relief in the United States District Court, pursuant to a federal tort claims action under title 28 U.S. C. 2671, the person(s) must first submit claims "in writting" to the agency involved and exhaust hte administrative tort claims process. In accordance with such mandates the plaintiff would show as follows;

1. That plaintiff submitted his administrative tort claims form to the B.O.P's Regional Office Dated Aug 19,2013 and was Denied on Oct 2,2013. Plaintiff asserts that he filed for reconsideration and that was subsequently denied on Apr 17, 2014.

## III. PARTIES TO ACTION

1. The plaintiff Jafari Moore is a federal prisoner presently detained at the F.C.I Memphis Memphis Tennessee.

2. The defendant, United States Of America, is sovereign

(4)

governmental authority ultimately responsible for employees and
officials of the B.O.P. THis defendant is Sued pursuant to the
Federal tort claims act under title 28 U.S.C. 1346 based on sovereign
immunity wavier.

    3. The defendant, Charles Samuels Jr, is the  Director
of the Federal Bureau Of Prisons. THis Defendant is ultimately
responsible for the everyday operations of the Federal B.O.P.,
and responsible for the treatment and medical care of prisoners
in accordance with the laws, rules, policies, and regulations
of hte United States, and the B.O.P.. THis defendant is sued
in His Official capacity for purely injuctive purposes only.

    4. Defendant Christopher Griffis was at all relevant
times the initial EMT- who was the acting mecidal care provider
for that day at U.S.P. Mccreary. THis defendant is being sued
in his individual capacity/official capacity.

    5. Defendant A Bryant was at all relevant times the plaintiffs
medical care provider and plaintiff was seen by this person the
very next day. THis defendant is also being sued in his individual
/ official capacity.

    6. Defendant Jorge Vazquez-valazquez was at all relevant
times acting MXR Physican at U.S.P Mccreary, this defendant is
being sued in his individaul/ official capacity.

    7. Defendant Mack Bonner, was at all relevant times acting
MD at U.S.P. Mccreary, this defendant is also being sued in his
individual/official capacity.

    8. Defendant B. Barron was at all relevant times acting
Health services Administrator this defendnat is being sued in
her individual/ official capacity.

(5)

## IV. JURISDICTION AND STATUTORY

## AUTHORITY AS AGAINST THE UNITED STATES

### OF AMERICA

This is a action by the plaintiff against the United States
Of America (U.S.A) acting through it's agents, Officials,
and employees of the Federal B.O.P alleging gross negligence
and medical malpractice which did result in the plaintiffs
untimate permanent loss of his finger on his left hand.
The United States Disrtict Court has subject matter and personal
jurisdiction over this action and parties under 28 U.S.C. § 14.2
(e). THe plaintiff has properly presented the claims herein alleged
to the defendant U.S.A. through the administrative tort claims
procedure as set forth in 28 C.F.R §14.2(a) and §543.31(a), and
required by title 28 U.S.C §2375(a).

## VI. JURISDICTION AND STATUTORY

## AUTHORITY AGAINST INDIVIDUAL NAMED DEFENDANTS

This lawsuit includes a cause of action and claims against
B.O.P. officials and medical personnal, who at all times relevant
to this complaint, were acting under the color and authority of
the United States Of America through the Federal B.O.P.

Plaintiff brings this lawsuit against the B.O.P personnel
by virtue of the authority articulated by the SUpreme Court in
Bivens, supra, and Davis v. passman, 442 U.S.228 (1979) where
the court provided an action in damages for constitutuional violations
by federal officials. Statutory jurisdiction in involked pursuant
to Titile 28 U.S.C. §1331.

The acts and omissions of the defendants complained of herein constitute violations of rights garented to the plaintiff under the Fifth Eight and Fourteenth amendments to the United States Constitution. <u>Estelle v. Gamble, Supra.</u>

## VI. JURISDICTION AND STATUTORY
## AUTHORITY AGAINST OFFICALLY NAMED DEFENDANT

The plaintiff is seeking injuctive relief pursuant to 42 U.S.C §1331 against defendant Charles E Smauels Jr in his official capacity as the director of the Federal B.O.P. to Compell the B.O.P. to provide plaintiff proper and adequate medical treatment for his condition. THis defendant is sued soly in his official capacity to effectuate issuance of prospective relief.

## VII. VENUE OF ACTION

Venue is proper in the United States District COurt for the Eastern District  Court Of Kentucky pursuant to title 28 U.S.C § 1391 and 28 U.S.C. §1402(b). The plaintiff resides in the  Kentucky where the violations complained took place.

## VIII. FACTUAL AVERMENTS

1. While at U.S.P Mccreary, the plaintiff  complained of his finger being broke from trying to break up a fight, and or closed in a cell door.

2. Approximately one hour later plaintiff was escorted to medical and screened by EMT- Chrostopher Griffis.

(7)

3. Plaintiff asserts that during that screening, because it was evident that plaintiffs finger was broke requested that he be taken to an outside hospital to have his fingers set and put in a cast.

4. Acting "indifferent" for the request of medical care EMT- Griffis stated that "there's nothing I can do, mabe I could put some popcicle sticks on your finger".

5. Following my initial and most crutial screening instead of being taken to the hospital as any trained medical professional would have done or suggested, plaintiff was instead escorted to the S.H.U for trying to get medical attention in a way to have him isolated from his (Griffis) Bosse's in order to have a second opinion of his initial screenteng, which was obviously an incorrect statement of proper medical care quote "Put popcicle sticks on a broke finger".

6. Plaintiff asserts for the next several days, plaintiff made several complaints about the injury to the fingers that were plainly one broken and the other injured, and were in pain from this injury to his fonger.

&. But plaintiff asserts that during SHU "Sick cal " rounds, on April 24,2013 plaintiffs medical provider A. Bryant another agent of the U.S.A acting under the color of the law looked at my hand plaintiff again advised him of his request to  be taken to the out side hospital, but again acting "indifferent" to plaintiffs medical care stated "Keep it elevated". Another incorrect statement made by a "Medical Proffesional' to an obvious

serious injury to plaintiffs plight. Plaintiff asserts that this is a "shocking statement" to plaintiffs condiction comming from someone who's charged with the care of individuals that are in the modernized world in an advanced medical feild where a "broken finger" or bone for that matter is an abvious thing from just the sight of it, no x-ray needed. where no ordinary trained medical professional would make these comments to someone suffering, except those who were acting with "delibrate indifference". A total disrespect to any one in  the medical proffession.

8. Approximately a week later, plaintiff was released from the "SHU" and imediatley made a request to see the doctor.

9. Approximately 20 excruciating day's later with plaintiffs broken finger a daily reminder of the indifference of the health care staff in the "B.O.P.", plaintiff was seen by Dr. Vazquez (this defendant co-signed EMT-Griffis initial Treatment plan) who again failed to grasp the relization of the situation and see the "obvious" a broken finger ordered an unessary x-ray, instead of sending plaintiff to the emergency room on the  outside were he could be seen by caring professionals who knew what to look for, regarding injury's to the body, and would act without the normal indifference of the B.O.P.. Following which Dr. Vazquiez reccommened I see an contracted specialist. Another incorrect measure taken by an health care Professional.

10. on May 14, 2013 plaintiffs finger was x-rayed and the obvious was stated that he had a broken finger.

11. Approxmitaly One (1) Year and eight days later plaintiff was seen by a hand specialist and was advised that

because of the time that has passed that the only remedy would
be partial amputation of his finger.

      11. As Of today Mar 21,2015 plaintiff has still
not had the surgery that will leave him scared for life, plaintiff
asserts that he came to prison with all Ten fingers but will
leave the B.O.P's care with one less finger, and allot of doubt
as to the profession of the doctors and thr treatment of the
B:O.P.

      12. From April 21,2013 Till May 14, 2013 all relevent
parites acting under the color of law provided plaintiff with
indifference,neglent medical care all of which has been brought
to the U.S.A attention before plaintiffs iinjury had become irreversiable
as will be demonstraited with minimal discovery givin the opportunity.

ɬX ALLEGATION FOR RELIEF

COUNT I

As against Defendant UNITED STATES OF AMERICA

Medical Malpratice and Gross- Negligence Tort

28 U.S.C §2671, et,seq.

      1. The plaintiff hereby incorporate by reference
each and every allegation made in the preceding paragraphs, section
VIII, paragraphs 1-12 fully set forth herein.

      2. The acts and omissions of the Federal B.O.P
and it's agents and employees, including, but not limited to,
those  actions and omissions set forth in the preceding parpgraphs
constitute Medical mal pratice and gross-negligence and disregard
for public standard; Title 18 U.S.C §4042 and, the regulations
promugated thereunder, including the provisions of the 28 C.F.R.

(10)

§549, and Federal B.O.P. policy.

3. The aforementioned medical malpratice and gross- negligence undertaken by the Federal B.O.P. and it's Medical staff, negligence, and callous disregard for plaintiff's medical needs.

4. As A direct consequence of the aforementioned negligence and medical malpratice the plaintiff was caused to suffer A loss of a finger and years of mental anguish that comes along with that, along with having to retrain in typing and finger handling skill's with certain jobs that require all fingers, as well as pain and discomfort which ulitametly and proximately caused plaintiff the permanent Loss of his finger.

### COUNT II

#### As against Defendant Christopher Griffis,EMT.

5. THe plaintiff hereby incorporates by reference each plaintiff's physical health and well being at the alter of B.O.P's fiscal concerns; the plaintiff has suffered and continues to suffer irreparable physical injury. And every allegation made in the preceeding paragraphs, section VIII, paragraphs 1-12, as fully set forth herein.

6. Defendant Christopher Griffis did not comport with the standard of pratice of those with simular training and experence, resulting in harm to the plaintiff. (ie Loss of Finger)

7. Defendant Griffis failed to exercise reasonable care to properly treat the plaintiff's medical problems resulting in the plaintiff's suffering physicalpain and anguish  and proxi- mately caused plaintiff permanent loss of finger.

8. Defendant Griffis failure to promply refer

the medical condition to a spcialist or being sent to the
outside hospital for corrective surgery -- soas to ascertain
facts to make a professional medical judgement and proper diag-
noses -- did result in palintiff not being timely diagnosed thus
causing plaintiff substantial harm in the form of permanent loss
of a finger.

   9. Defendant Griffis knew or should have
known that plaintiff's medical condition required specialist
examination/treatment and that plaintiff faced a substaintual
risk of harm (Loss of limb)yet Def, Griffis simply disregarded
that risk by failing to take reasonable and timley measures to
abate it.

   10. Defendant Griffis when he made the
statement There's nothing I can do about your finger mabe I could
put some popcicle sticks on it, failed to promtly and effectively
treat plaintiff's medical condition because proper and adequate
medical treatment would require more expendature of governmental
funds than not properly treating  plaintiff's condition. As a
proximate result of defendant Griffis intentional sacrifice of
plaintiffs physical health and well being at the alter  of the
B.O.P's fiscal concerns; the plaintiff has sufered and continues
to suffer irreparable physical injury.

   11. Plaintiff alleges, and will prove
given minimal discovery, that defendant Griffis, and other named
defendan't, intentionally, knowingly, willingly, deliberately,
and consciously deny prisoners (Specifically plaintiff) proper

and adequate medical care in order not to expend coveted federal

bugetary resources. Defendants claok their constitutional violations

in medical care behind the "apperence" of adequate medical care

by prescribing superflous and ineffective medications. Defendant(s)

know that outright denial of medical treatment would not survive

judicial scrutiny. Therefore, defendant's have perfected a "plausible

denialability" scheme which resulted here in the plaintiff's

loss of fingers.

### COUNT III

#### As against defendant A. Bryant P.A

12.The plaintiff hereby incorporates by reference

each and every allegation made in the preceding paragraphs, section

VIII, paragraphs, 1-12, fully set forth herein.

13. The medical treatment provided to plaintiff

by the defendant Bryant did not comport with the standard of

practice of those with simular training and experence, resulting

in harm to the plaintiff. (ie loss of finger)

14. Defendant Bryant failed to exercise a reasonable

amount of care to properly treat the plaintiff's medical problems

resulting in the plaintiff's suffering physical pain and anguish

and proximantely caused plaintiff permenant loss of a finger.

15. Defendant Bryant's failure to promptly refer

plaintiff's medical condition to a specialist -- so as to ascertain

facts to make a professional medical judgement and proper diagnosis

-- did result in plaintiff not being timely diagnosed thus causing

plaintiff substantial risk of harm yet  with the statement "Keep

it elevated" effectively disregarded that risk by failing to

take a reasonable and timely measures to abate it.

        17. Defendant Bryant failed to promptly and effectively treat plaintiff's medical condition because proper and adequate medical treatment would require more expenditure of govermental funds than not properly treating plaintiff's condition As a proximate result of defendant Bryant's intentional sacrifice of plaintiffs's physical health and well being at the alter of the B.O.P.'s fiscal concerns; the plaintiff has suffered and continues to suffer irreparable physical injury.

        18. Plaintiff alleges and will prove given minimum discovery, that defendant Bryant, and other named defendants intentionally, knowingly, willingly, deliberately, and consciously deny prisoners (specifically plaintiff) proper and adequate medical care in order to expend coveted federal budgetary resources. Defendants create the "appearence" Of adequate medical care by prescribing superflous and ineffective medications. Defendant(s) know that outright denial of medical treatment would not survive judicial scrutiny. Therefore, defendants have perfected a "plausible denialability" schemes which resulted here in the plaintiff's loss of his finger.

### COUNT IV

### As against Defendnat B. Barron

        19. Plaintiff hereby incorporates by Reference each and every allegation made in the preceding paragraphs, Section VIII, paragraphs 1-12 as fully set forth herein, was brought to defendants attention in a timely manner that should be as

set forth adequate enough to have defendant held responsible
for defendants indifference and lies.

20. Defentant Barron failed to exercise
reasonable care to properly treat the plaintiff's medical problems
resulting in the plaintiff's suffering physical pain and anguish
and proximately caused plaintiff permenent loss of his finger.

21. Defendants Barron's failure to
promptly refer the plaintiff's medical condition to a specialist
-- so as to ascertain facts to make a professional medical judgement
and proper diagnosis -- did result in plaintiff not being timely
diagnosed thus causing plaintiff substantial harm in the form
of his finger being amputated.

22.Defendant Barron knew or should
have known that plaintiff's medical condition required specialist
examination/ treatment and that plaintiff faced substantial risk
of harm yet Being the Health care "Administrator" Disregarded
her duty and put plaintiff at risk by failing to take a reasonable
and timely measures to abate it.

23. Defendant Barron failed tp promptly
and effectively treat plaintiff's medical condition because proper
and adequate medical treatment would  require more expentiture
oof governmental funds than not properly treating plaintiff's
condition. As a proximate result of Defendant Barron 's intentional
sacrifice of plaintiff's health and well being at the altar of
the B.O.P.'s fiacal concerns; the plaintiff has suffered and
continues to suffer irreparable physical injury.

24. Plaintiff alleges, and will prove with minimum discovery, that Defendant Barron , and other named Defendant's intentionally, knowingly, willingly, delberately, and consciously deny prisoners (specifically palintiff) proper and adequate medical care in order not to expend coveted federal budgetary resources Defendant cloak their constitional violations in medical care behind the "apperence" of adequate medical care by prescribing superflous and ineffective medications. Defndant(s)  know that outright denial of medical treatment would not survive judicial scrutiny. Therefore, Defendants have perfected a "Plausable Deniability" scheme which resulted in the plaintiff's loss of his finger...

<u>COUNT V</u>

<u>As against Defendant J. Vazquez-Velazques M.D</u>

25. The plaintiff hereby incorporates by reference each and every allegation made in the preceding paragraphs, section VIII, paragraphs 1-12, as is fully set forth herein.

26. Defendant Vazques- Velazques here after refered as "Vazquez" failed to exercise reasonabl e care to properly treat the plaintiff's physical pain and anguish and proximately caused plaintiff's parmanent loss of his finger.

27. Defendnat Vazquez failure to promptly refer the plaintiff's suffering physical  medical condition to a specialist -- so as to ascertain facts to make a professional judgement and proper diagnosis -- did result in plaintiff not being timely diagnosed thus causing plaintiff's medical condition substantial harm in the form of permanent loss of his finger.

28. Defendant Vazquez knew or should have

(16)

known that plaintiff's medical condition required a specialist
examination/treatment and that plaintiff faced a substantial
risk of harm yet disregarded that risk by failing to take reasonable
and timely measures to abate it.

29. Defendant Vazquez failed to promptly
and effectively treat plaintiff's medical condition because proper
and adequate medical treatment would require more expenditure
of governmental funds than not properly treating plaintiff's
condition. As proximate result of defendnat Vazquez intentional
sacrifice of plaintiff's physical health and well being at the
alter of hte B.O.P's fiscal concerns; the plaintiff has suffered
and continues to suffer irreparable physical injury.

30. Plaintiff alleges, and will prove given
minimum discovery, that defendant Vazquez, and other defendant's
intentionally, knowingly, willingly, deliberately, and consciously
deny prisoner's (specifically plaintiff) proper and adequate
medical care in oeder  not to expend coveted federal budgerty
resourses. Defendants cloak their constitutional violation in
medical  care behind the "apperance" of adequate medical care
by prescribing superflous and ineffective medication(s). Defendants
know that outright denial of medical treatment would not survive
judicial scrutiry. Therefore, Defendants have perfected a "plausiable
deniability" scheme which resulted here in  plaintiff's loss
of his finger.

<u>COUNT VI</u>

<u>As against Defendant Mack Bonner M.D</u>

31. The plaintiff hereby incorparates by

(17)

reference each and every allegation made in the preceding paragraphs, section VIII, paragraphs 1-12, as is fully set forth herein.

32. Defendant Bonner failed to exercise reasonable care to properly treat tha plaintiff medical problems resulting in the plaintiff's suffering physical pain and anguish and proximately caused palintiff permanent loss of his finger.

33. Defendant Bonner's failure to promptly refer the plaintiff's medical condition to a specialist-- so as to ascertain facts to make a professional judgement and proper diagnosis --did result in plaintiff not being properly diagnosed thus causing plaintiff substantial harm in the form of permanent loss of his finger.

34. Defendant Bonner knew or should have known that plaintiff's medical condition required specialist examination/ treatment and that plaintiff faced a substantial risk of harm yet by defendant Bonner Co- signing A.Bryants treatment plan disregarded that risk by failing to take reasonable and timely measures to abate it.

35. Defendant Bonner failed to promptly and effectively treat plaintiff's medical condition because proper and adequate medical treatment would require more expenditure of governmental funds than not treating plaintiff's condition. As a proximate result of defendant Bonner intentional sacrifice of plaintiff's physical health and well being at the alter of the B.O.P.'s fiscal concerns ; the plaintiff has suffered and continues to suffer irreparable physical injury.

36. Plaintiff alleges, and will prove given

(18)

minimum discovery, that Defendant Bonner, and other named defendants, intentionally, knowingly, willingly, deliberately, and consciously deny prisoners (specifically plaintiff) proper and adequate medical care in order not to expend coveted federal budgetary resourses. Defendant's claok their constitutional violations in medical care behind the "apperence" of adequate medical care by prescribing superflous and ineffective medications. Defendant(s)  know that outright denial of medical treatment would not survive judicial scrutiny. Therefore, defendant's have perfected a "plausible denialability" scheme which resulted here in the plaintiff having lossed his finger.

### VII.   RELIEF REQUESTED.

Wherefore, the plaintiff would respectfully request the following relief:

A. That plaintiff be allowed a trial by jury as gauranteed by the Seventh Amendment to the United States Constitution.

B. That this court issue a declaratory judgement stating that:

1. palintiff is entitled to adeguate and proper medical care and treatment under the United States Constitution.

2. That the actions and omissions by defendant's Griffis, Bryant, Barron, Vazquez, and Bonner violated the plaintiffs right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution and did constitute a tort claim under Kentucky State law.

3. Defendnats Griffis, Bryant, Barron, Vazquez, And

(19)

Bonner's failure to take action to prevent palintiff;s suffering and Loss of finger constitutes deliberate indifference and a violation of the Eighth Amendment.

4. Defendant Griffis denial of medical treatment to plaintiff violated the plaintiff's rights under the Eighth amendment and constitutes a tort under Kentucky State law.

5. Defendant U.S.A is liable under 28 U.S.C §2671 et, seq, and the action and omissions of U.S.P.MC medical staff and B.O.P. Officials constitute medical malpratice and negligence being a tort under applicable State and Federal laws.

6. Defendant Samuels Jr is ultimately responsible for medical care of federal prisoners and must provide adequate and proper medical treatemnt under the United States Constitution, Federal laws, and B.O.P. Policy.

C. Issue an Injuction ordering Defendant Samuels Jr:

1.Investigate allegations of orchestrated denial of medical treatment to prisoners by B.O.P health services providers.

2. Ensure that plaintiff receives PROPEr, TIMELY, and ADEQUATE medical treatment for his medical probelms. This should include but not limited to, plaintiff being seen by a specialist for possible placement a Prosteic limb to mitigate plaintiff's present suffering.

3. Ensure that plaintiff is not subjected to reprisal by any B.O.P staff, agents, ot other(s) for exercizing his Constitutional rights and effectuating this litigation. At present plaintiff

has pristine displinary record and does not experience any dysfuctions,

disagreements, and/or "probelms" with staff at B.O.P. Moreover,

plaintiff does not seek, nor has there been mention of by B.O.P

Staff, any "traserfer" of plaintiff to another federal facility.

    D. Award compensatory damages in the following amounts:

    1.$1,000,000.oo jointly and severally against defendants

Griffis, Bryant, Barron,Vazquez, Bonner for their diliberate

indifference to plaintiff's medical condition which resulted

in plaintiffs permanent loss of his finger.

    2. $250.000.00 against defendant U.S.A for the tort

of Negligente and medical malpratice that resulted in plaintifts

physical pain and suffering, and permanent loss of his finger.

    E. Award punitive damages in the following amounts:

    1. $50,000.00 each against Defendants Griffis, Bryant,

Vazquez, Barron, Bonner.

    2. Additional $10,000.00 against defendant Griffis.

    F. Grant such other relief this Honorable Court may

deem Appropriate, just, and proper.

    RESPECTFULLY prays for this 14th day of April 2015

s/ Jafari T. Moore
Plaintiff, Pro-Se

AFFIRMATION OF TRUTH

I, Jafari T. Moore under penalty of purjury, do state that

hte foregoing Complaint contians the truth as best know to me

SWORN this 14th day of April 2015.

s/ Jafari T. Moore
Plaintiff Pro-Se      (21)