UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CIVIL ACTION NO. 14-114-DLB-HAI

JAFARI T. MOORE                                                    PLAINTIFF

VS.                          **MEMORANDUM ORDER**

UNITED STATES OF AMERICA, ET AL.                    DEFENDANTS

\*\*\* \*\*\* \*\*\* \*\*\*

**I.    Procedural Background**

In a series of three motions, Plaintiff Jafari Moore has moved, through counsel, to extend the deadline to file an objection to Magistrate Judge Ingram's Report & Recommendation ("R&R"). D.E. 67, 68, 70. The first motion was filed on August 23, 2016. D.E. 67. In all three, Moore asks to extend the deadline from August 25 to September 24, 2016. *See id.* at 2.

Moore explains that he needs the extra time to "procure" a modified or amended affidavit from his medical expert because he "concedes . . . [u]pon further review of the governing law" that, as the R&R found, the original affidavit by Dr. Fingado "is lacking." *Id.* at 3. He states that Dr. Fingado

> has agreed to modify said affidavit to explain the applicable standard of care, and to further include specific facts that explain (1) the applicable duty of care; (2) the breach of that duty as to each named defendant; (3) the actual injury suffered by plaintiff, and (4) how the injury was caused by the individual defendant's negligence and/or deliberate indifference.

1

Id. Moore also states he intends to present a new argument in his objection, namely that res ipsa loquitur applies and the medical negligence was so obvious that no expert testimony was needed to survive Defendants' motion for summary judgment. *Id.* at 3-4.

Moore's original motion also states:

> Undersigned has contacted the defendants' counsel, John S. Osborn III, Assistant United States Attorney, with the request that he agree to an additional thirty-two (32) day extension . . . . Mr. John S. Osborn III does not oppose and has graciously agreed to the requested additional thirty-two (32) day extension.

D.E. 67 at 2.

The clerk's office entered a notice of deficiency notifying Moore's attorney that he failed to submit a proposed order along with his motion. Thereafter, on August 24, Moore re-filed the motion. This time, it was styled as an "Agreed Motion," further emphasizing Defendants' acquiescence in the motion. D.E. 68 at 1. Nevertheless, the magistrate judge ordered Defendants to respond. D.E. 69.

On August 25, Moore filed a "Corrected Motion," in which he explains that he had not actually obtained Mr. Osborn's consent to the extension. D.E. 70. The error, he said, resulted from a miscommunication between Moore's counsel and his paralegal. *Id.* at 2. Moore's counsel apologized. *Id.*

On August 26, Defendants responded to Moore's corrected motion. D.E. 71. Defense counsel confirmed that he had never agreed to the extension. *Id.* at 1-2. In fact, Defendants oppose the motion. Defendants acknowledge that the Court has discretion to entertain new evidence accompanying an objection to a magistrate judge's report and recommendation. *Id.* at 2-3. But Defendants argue that Moore "is not offering new evidence but rather he is offering new arguments and issues." *Id.* at 3. This includes not

2

only the new res ipsa loquitur argument, but also the proposed new affidavit, which Defendants characterize as "more in the nature of new argument and new issues in the guise of 'new evidence.'" *Id.* Defendants argue that the Court "would have to examine the entire factual and legal structure of the case" in light of the proposed new affidavit. *Id.* at 4. Defendants cite case law in support of their proposition that arguments not raised before the magistrate judge are waived. *Id.* at 3-5.

**II.    Analysis**

The general rule is that district judges will not entertain issues and arguments that appear for the first time in objections to a magistrate judge's report and recommendation. *Moore v. Prevo*, 379 F. App'x 425, 428 n.6 (6th Cir. 2010); *see also The Glidden Co. v. Kinsella*, 386 F. App'x 535, 544 & n.2 (6th Cir. 2010) (declining to review an issue that the district judge did not consider because it was not presented to the magistrate judge); *Johnson v. Stewart*, No. 08-1521, 2010 WL 8738105, at *1 (6th Cir. May 5, 2010) (concluding that a plaintiff waived a claim by failing to raise it before the magistrate judge); *Muhammad v. Close*, No. 08-1944, 2009 WL 8755520, at *2 (6th Cir. Apr. 20, 2009) (explaining that new legal claims not presented to the magistrate judge may not be presented to the district court); *United States v. Ault*, No. 1:10-CR-20, 2011 WL 539710, at *2 (E.D. Tenn. Feb. 4, 2011) (same).

The rule in this Circuit derives from *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000), in which the Court found a claim to be "procedurally barred" and "waived" when it was not raised before the magistrate judge:

> Petitioner did not raise this claim in his initial § 2255 motion. Rather, it was first raised in his supplemental objections to the magistrate judge's final Report and Recommendation. The magistrate thus never had the opportunity to consider this

> issue. Courts have held that while the Magistrate Judge Act, 28 U.S.C. § 631 et seq., permits de novo review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate. *See United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998) (*citing Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996) ("issues raised for the first time in objections to magistrate judge's report and recommendation are deemed waived")); *see also Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994); *Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988); *Anna Ready Mix, Inc. v. N.E. Pierson Constr. Co., Inc.*, 747 F. Supp. 1299, 1302-03 (S.D.Ill. 1990). Hence, Petitioner's failure to raise this claim before the magistrate constitutes waiver.

*Id.*; *see also United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998). Arguments raised for the first time in an objection to a report and recommendation are waived "absent compelling reasons." The Sixth Circuit has not fleshed out what reasons might be compelling. This Court is not aware of any case in which the Court of Appeals reversed, on the basis of "compelling reasons," a district court's refusal to consider new arguments.

Even though issues and arguments not raised before the magistrate judge are waived, district judges have discretion to decide whether to entertain new evidence. As Rule 72(b) states, "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." As another court has explained:

> The district court is permitted, at its discretion, to consider materials not before the magistrate judge. 28 U.S.C. § 636(b)(1). However, that discretion must be exercised sparingly. We have previously noted that it would be "fundamentally unfair to permit a litigant to set its case in motion before the magistrate, wait to see which way the wind was blowing, and—having received an unfavorable recommendation—shift gears before the district judge." *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 991 (1st Cir. 1988). Moreover, "[s]ystemic efficiencies would be frustrated and the magistrate's role reduced to that of a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its

4

> knockout punch for the second round." Id. Accordingly, it was well within the
> district court's discretion to decline to consider the [new evidence] in deciding
> the motion to dismiss.

*Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.*, 524 F.3d 315, 322 (1st Cir. 2008). For these reasons, "[t]he presentation of new evidence to the district court that was not presented to the magistrate judge is disfavored." *Blackwell v. McCord*, No. 3:13-CV-0739, 2016 WL 3444502, at *1 (M.D. Tenn. June 23, 2016).

The Fifth Circuit has developed a series of "suggested factors" to guide whether a district court should allow new evidence in considering a magistrate judge's report and recommendation. *Performance Autoplex II Ltd. v. Mid-Continent Cas. Co.*, 322 F.3d 847, 861-62 (5th Cir. 2003). They are:

> (1) the moving party's reasons for not originally submitting the evidence; (2) the importance of the omitted evidence to the moving party's case; (3) whether the evidence was previously available to the non-moving party when it responded to the summary judgment motion; and (4) the likelihood of unfair prejudice to the non-moving party if the evidence is accepted.

*Id.* (*citing Freeman v. County of Bexar*, 142 F.3d 848, 853 (5th Cir. 1998)).

Based on the authorities cited above, the Court finds that any new arguments or issues not raised before the magistrate judge (such as Moore's proposed res ipsa loquitur argument) are waived. The Court will also decline to entertain Plaintiff's proposed new evidence.

On March 11, 2016, Defendants filed the pending motion to dismiss or for summary judgment. D.E. 48. Defendants argued in that motion that Moore's FTCA claim must be dismissed because he "has no medical evidence." D.E. 50 at 3. Defendants explained that under Kentucky law,

5

> "[t]o establish a prima facie case of medical malpractice, a plaintiff must introduce evidence, in the form of expert testimony, demonstrating (1) the standard of care recognized by the medical community as applicable to the particular defendant, (2) that the defendant departed from that standard, and (3) that the defendant's departure was a proximate cause of the plaintiff's injuries."

*Id.* at 40 (*quoting Heavrin v. Jones,* No. 02-CA-16-MR, 2003 WL 21673958, at * 1 (Ky. Ct. App. July 18, 2003)).

Later that month, Moore obtained counsel, who appeared *pro hac vice*. D.E. 54. Moore's counsel responded to Defendants' motion, and attached the affidavit of Dr. Fingado. D.E. 59, 59-15. Defendants' motion clearly put Moore on notice regarding what sort of expert evidence is necessary to establish a prima facie case of medical negligence under Kentucky law. Defense counsel thus had no excuse for submitting an expert affidavit that he now concedes is "lacking." He has not explained his "reasons for not originally submitting" adequate expert evidence. Further, nowhere does Moore argue that he could not have obtained an adequate affidavit at the outset. Although the new potential evidence would clearly be important to his case (assuming Dr. Fingado testifies as expected), the first and third *Performance Autoplex* factors weigh heavily against accepting it. For all of these reasons the Court is not inclined to accept the new evidence Moore hopes to obtain from Dr. Fingado.

**III. Conclusion**

Accordingly, **IT IS HEREBY ORDERED** as follows:

1. Plaintiff's motion (D.E. 70) to supplement the record with a modified or amended affidavit from Dr. Fingado or explore other un-asserted arguments be, and is hereby **denied**. However, because the motion also seeks an extension of time to object

6

to the R&R and the deadline expired during the pendency of the motion (D.E. 70) is **granted** only to extend the deadline to respond to the R&R. Any objection by Moore to the R&R shall be filed **not later than September 24, 2016**;

2. Plaintiff's motions at docket entries 67 and 68 are **denied as moot**.

This 8th day of September, 2016.



Signed By:
David L. Bunning
United States District Judge

K:\DATA\ORDERS\London\2014\14-114 Order denying DE 70.wpd