**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON**

**CIVIL ACTION NO. 14-114-DLB-HAI**

**JAFARI T. MOORE**                                                                                    **PLAINTIFF**

**VS.**          <u>**ORDER ADOPTING REPORT AND RECOMMENDATION**</u>

**UNITED STATES OF AMERICA, et al.**                                      **DEFENDANTS**

* *   * *   * *   * *   * *   * *   * *   * *

This matter is before the Court on Magistrate Judge Hanley Ingram's Report and Recommendation ("R&R") (Doc. # 66), wherein he recommends that Defendants' Motion for Summary Judgment (Doc. # 48) be granted in full.  Having reviewed the parties' briefings, the Court will adopt the R&R as the findings of fact and conclusions of law of the Court.

Pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections within fourteen days after being served with a copy of a Magistrate's R&R.  If a party is properly informed of the consequences of failing to file an objection, and fails to file an objection, "the party waives subsequent review by the district court."  *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).  Objections must specifically challenge portions of the report or the proposed findings or recommendations.  Filing vague, general, or conclusory objections does not meet the specificity requirements, and such objections may be treated as a complete failure to file.  *Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009) (citing *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001)).

1

District courts in the Sixth Circuit have also held that "an 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *VanDiver v. Martin*, 304 F. Supp. 2d 934, 938 (E.D. Mich. 2004); *Holl v. Potter*, No. C-1-09-618, 2011 WL 4337038, at *1 (S.D. Ohio Sept. 15, 2011) (holding that "objections that merely restate arguments raised in the memoranda considered by the Magistrate Judge are not proper, and the Court may consider such repetitive arguments waived"). Therefore, these "objections" fail to put the Court on notice of any potential errors in the Magistrate's R&R. *VanDiver*, 304 F. Supp. 2d at 938.

Here, Plaintiff's Objection relies primarily on an amended affidavit which is not part of the record, was not considered by the Magistrate Judge, and will not be considered by this Court reviewing the Magistrate Judge's R&R.[1] Disregarding the amended affidavit that Plaintiff attempts to incorporate into his briefing, Plaintiff's "objections" largely reiterate the same arguments raised before the Magistrate Judge. To the extent that Plaintiff's claims are reviewable, they fail on the merits.

### A.    Factual and Procedural Background

The following facts are taken from the R&R:

On April 21, 2013 Federal inmate Jafari T. Moore injured his left pinky finger while housed at the United State Penitentiary in Pine Knot, Kentucky ("USP McCreary"). Over two years later, the finger was partially amputated. He brings two claims related to these events: an Eighth Amendment claim of deliberate indifference under *Bivens v. Six Unknown Federal Narcotics*

---

[1] This Court previously entered a Memorandum Order denying Plaintiff's motion to supplement the record with a modified or amended affidavit or explore other un-asserted arguments. (Doc. # 72). Plaintiff subsequently filed a Motion for Reconsideration of that Order (Doc. # 73), which this Court denied (Doc. # 82).

*Agents*, 403 U.S. 388 (1971), and a claim for medical malpractice under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80.  He names as defendants the United States, three medical personnel who treated him in Kentucky, and the director of the Federal Bureau of Prisons ("BOP").

(Doc. # 66 at 1).  In May, 2013, Plaintiff filed a *pro se* complaint.  (Doc. # 1).  Upon initial screening, this Court dismissed Plaintiff's claims against the Department of Agriculture, Department of Justice, the warden, and several other individuals.  (Doc. # 13).  On April 14, 2015, Plaintiff filed a motion for reconsideration and for leave to file an amended complaint.  (Doc. # 19).  This Court denied the motion to reconsider, but allowed Plaintiff to filed an amended complaint.  (Docs. # 23, 24).

On March 11, 2016, the remaining Defendants moved to dismiss Plaintiff's amended complaint, or in the alternative, for summary judgment.  (Doc. # 48).  Subsequently, Plaintiff obtained counsel, and requested an extension of time to respond to Defendants' motion.  (Doc. # 53).  Plaintiff's response included an affidavit by medical expert Brian Fingado, M.D.  (Doc. # 59).

Magistrate Judge Ingram issued his R&R on August 11, 2016, in which he recommended that Defendants' Motion for Summary Judgment be granted.  (Doc. # 66).  On August 25, Plaintiff moved to supplement the record with an amended affidavit from Dr. Fingado.  (Doc. # 70).  The next day, Plaintiff filed an Objection to the Magistrate Judge's R&R, which included the amended affidavit.  (Doc. # 71).  On September 8, 2016, this Court issued an Order denying Plaintiff's Motion to Supplement the record.  (Doc. # 72).  Plaintiff moved for this Court to reconsider its Order (Doc. # 73), but that motion was recently denied (Doc. # 82).  Defendants have responded to Plaintiff's Objection to the R&R (Doc. # 78), and Plaintiff has replied to their response (Doc. # 81).  Accordingly, the R&R

3

is now ripe for the Court's review.

      **B.    FTCA Claim**

      Liability under the FTCA is generally determined according to the law of the state where the injury occurred.  *Young v. United States*, 71 F.3d 1238, 1242 (6th Cir. 1995).  Here, the alleged injury occurred in Kentucky.  Under Kentucky law, a Plaintiff bringing a medical malpractice claim must "put forth expert testimony to show that the defendant medical provider failed to conform to the standard of care."  *Blankenship v. Collier*, 302 S.W.3d 665, 670 (Ky. 2010).  "An expert opinion that is conclusory and fails to set forth the underlying rationale is not adequate" to raise a triable issue.  *Austin v. Children's Hosp. Med. Ctr.*, 92 F.3d 1185 (6th Cir. 1992) (table decision) (citing *Turpin v. Merrell Dow Pharm., Inc.*, 959 F.2d 1349, 1360 (6th Cir. 1992)).

      Plaintiff does not offer a specific objection to the Magistrate Judge's analysis of the FTCA claim.  Rather, he argues for a second time that "the evidence in the instant case[] shows that there are genuine issues of material fact as to the essential elements of the plaintiff's claims, that require that the instant case be presented to the trier of fact."  (Doc. # 76 at 1).  As the Magistrate Judge explained, a medical malpractice claim requires evidence, in the form of expert testimony, that establishes a standard of care, and Plaintiff's expert affidavit "nowhere indicate[d] what that standard of care might be."  (Doc. # 66 at 6-7).  Instead, Plaintiff's affidavit was a "skeleton devoid of evidentiary meat for the Court to digest."  *Id.* at 8.  Plaintiff attempted to remedy his inadequate claim by presenting evidence in an amended expert affidavit, tailored to meet the requirements set forth by the Magistrate Judge in the R&R.  (Doc. # 76).  However, for reasons explained in this Court's prior Order (Doc. # 72), the amended affidavit will not be considered.  Thus, Plaintiff has failed to raise

4

a claim under the FTCA.

C. *Bivens* Claim

"The Eighth Amendment forbids prison officials from unnecessarily and wantonly inflicting pain on an inmate by acting with deliberate indifference toward the inmate's serious medical needs." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004) (internal citations and quotations omitted). Deliberate indifference claims include both an objective and subjective component. *Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013). The objective component requires the plaintiff to show a medical condition that is "sufficiently serious," meaning "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* (quoting *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008)). Where the claim is based on "the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious... medical proof is necessary to assess whether the delay caused a serious medical injury." *Blackmore*, 390 F.3d at 898 (citing *Napier v. Madison County*, 238 F.3d 739, 742 (6th Cir. 2001)). The subjective prong requires a showing that an official had a "sufficiently culpable state of mind." *Santiago*, 734 F.3d at 591 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). This entails something more than mere negligence. *Id.*; *see also Farmer*, 511 U.S. at 835 ("[D]eliberate indifference describes a state of mind more blameworthy than negligence.").

In his Objection, Plaintiff argues that the Magistrate Judge applied an incorrect standard in reviewing Plaintiff's *Bivens* claims. (Doc. # 76 at 19-20). The Magistrate Judge concluded that "[i]f Moore cannot even establish negligence [for the reasons discussed in

5

the FTCA analysis], he cannot establish deliberate indifference, which is a higher standard of culpability."  (Doc. # 66 at 12).  Plaintiff contends, based on that conclusion, that the Magistrate Judge applied Kentucky law to his *Bivens* claim, when it should have been analyzed under Federal law.  (Doc. # 76 at 20).  This argument is not persuasive.

The Sixth Circuit has repeatedly held that to sustain a deliberate indifference claim under *Bivens*, the Plaintiff must show something more than negligence.  *See, e.g.*, *Santiago*, 734 F.3d at 591; *Reilly v. Vadlamudi*, 680 F.3d 617, 624 (6th Cir. 2012) ("Deliberate indifference is characterized by obduracy or wantonness - it cannot be predicated on negligence, inadvertence, or good faith error."); *Jones v. Muskegon Co.*, 625 F.3d 935, 945 (6th Cir. 2010) ("Negligence in diagnosing a medical condition does not constitute unconstitutional deliberate indifference.").  Accordingly, the Magistrate Judge was correct to conclude that where Plaintiff failed to establish negligence, he also failed to establish deliberate indifference.   The Magistrate Judge noted that Plaintiff failed to "present any evidence to buttress his conclusory allegations that Defendants consciously disregarded a substantial risk of harm during their brief encounters with him."  (Doc. # 66 at 12).  For this reason, Plaintiff fails to establish the subjective component of deliberate indifference.  Moreover, just as Plaintiff failed to present medical evidence sufficient to sustain a medical negligence claim, he failed to present the medical evidence necessary to satisfy the objective component of his deliberate indifference claim.  Accordingly, the Magistrate Judge applied the appropriate standard to Plaintiff's deliberate indifference claim, and Plaintiff's objection will be overruled.

### D.   Qualified Immunity

"Qualified immunity protects state officials, including prison employees, so long as

6

their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Reilly*, 680 F.3d at 623. It is the plaintiff's burden to show that defendants are not entitled to immunity. *Id.* In resolving a qualified immunity claim, courts must consider whether "(1) the facts, viewed in the light most favorable to Plaintiff, show a violation of a constitutional right; and (2) the right at issue was clearly established at the time of the alleged misconduct." *Id.*

Plaintiff claims that the Magistrate Judge applied an incorrect standard in reviewing the defendants' claims to qualified immunity. (Doc. # 76 at 29). Specifically, Plaintiff argues that the Magistrate Judge was wrong to concluded that "[b]ecause Moore has failed to prove deliberate indifference or negligence, it is also true that the named Defendants are entitled to qualified immunity." *Id.* Plaintiff's objection is without merit. The Magistrate Judge analyzed the qualified immunity issue as follows:

> In this case, the facts, when viewed in the light most favorable to Moore, do not show that any Defendant violated a constitutional right. The constitutional right includes the right to be free from cruel and unusual punishments inflicted in the form of deliberate indifference to medical needs under *Bivens*. As discussed, the facts themselves fail to established negligence – much less deliberate indifference.

(Doc. # 66 at 13). This analysis aligns with the test laid out by the Sixth Circuit in *Reilly*. The Magistrate Judge correctly found that Plaintiff's argument failed at step one. Accordingly, Plaintiff's objection will be overruled.

For the reasons explained herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** as follows:

(1)   The Magistrate Judge's Report and Recommendation (Doc. # 66) is hereby **ADOPTED** as the Findings of Fact and Conclusions of Law of the Court;

7

(2)     Defendants' Motion for Summary Judgment (Doc. # 48) is **GRANTED**;

(3)     Plaintiff's claims are hereby **DISMISSED WITH PREJUDICE**;

(4)     This is a final and appealable Order.

(5)     This matter is hereby **STRICKEN** from the Court's active docket.

This 15th day of March, 2017.



Signed By:

_David L. Bunning_    DB

**United States District Judge**

K:\DATA\ORDERS\London\2014\14-114 Order adopting R&R.wpd

8