UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

**CIVIL ACTION NO. 14-114-DLB-HAI**

**JAFARI T. MOORE**                                                              **PLAINTIFF**

**VS.**                          **MEMORANDUM ORDER**

**UNITED STATES OF AMERICA, et al.**                      **DEFENDANTS**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court upon the Plaintiff's *pro se* Complaint, which the Court construes as a Motion for Relief from Judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (Doc. # 92). The time for Defendants to file a response having expired, the matter is now ripe for the Court's review. For the reasons stated herein, Plaintiff's construed Motion for Relief from Judgment (Doc. # 92) is hereby **denied**.

**I.**     **FACTUAL AND PROCEDURAL BACKGROUND**

The factual and procedural history of this matter has already been set forth on the record in detail by the Sixth Circuit, incorporated herein. *See Moore v. U.S. Dep't of Agric.*, No. 17-5363, 2018 WL 1612299, at *2 (6th Cir. Jan. 31, 2018). In short, Plaintiff injured his left pinky finger, ultimately resulting in its amputation, while housed in the custody of the Bureau of Prisons. Plaintiff brought a FTCA claim for medical malpractice against the United States, as well as a deliberate indifference claim against federal corrections personnel under *Bivens*. *See* (Docs. # 1 and 24) (bringing claims pursuant to 28 U.S.C. §§ 1346(b), 2671-80; *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)). On March 15, 2017, this Court granted the

1

Defendants' Motion for Summary Judgment, and dismissed Plaintiff's claims with prejudice. (Doc. # 83). On January 31, 2018, the Sixth Circuit affirmed this Court's judgment on appeal. (Doc. # 90 at 7).

On July 16, 2018, Plaintiff, proceeding *pro se*, filed the instant Motion for Relief from Judgment (Doc. # 92), essentially seeking to reopen this action on the grounds that it was dismissed due to the legal malpractice of his attorney, David J. Bernstein. (Doc. # 92 at 3). Specifically, Plaintiff asserts that "attorney David Jay Bernstein provided professional negl[i]gence by failing to at the onset of this case provide a[n] adequate affidavit of merit" and likewise, that "Counsel did not provide proper representation of the case overall." Plaintiff asserts that "these two issues [are] the direct caus[e] of petitioner lo[]sing his suit." *Id.* at 3-4. Citing to the "various provisions" (Doc. # 92 at 8) of Rule 60(b) of the Federal Rules of Civil Procedure, Plaintiff requests that the Court reopen this civil action. (Doc. # 92 at 8-9). Alternatively, Plaintiff seeks to bring a suit against his counsel for legal malpractice. *See generally* (Doc. # 92).

## II. ANALYSIS

Rule 60(b) allows district courts discretion to grant relief from a final judgment or order due to: (1) mistake; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied judgment; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). Although courts have considerable discretion in granting relief from a final judgment or order pursuant to Rule 60(b), that power is "circumscribed by public policy favoring finality of judgments and termination of litigation." *Blue Diamond Coal Co. v. Trustees of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001). Therefore, "relief under Rule 60(b) is . . . extraordinary. *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th

Cir. 2016). "[A] party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by *clear and convincing evidence*." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008) (emphasis added).

Liberally construed, Plaintiff's Motion for Relief from Judgment (Doc. # 92) based upon the alleged malpractice of his counsel appears to be predicated on either mistake under Rule 60(b)(1), or manifest injustice under Rule 60(b)(6).[1] The Motion makes no mention of newly discovered evidence under 60(b)(2), fraud or misconduct by an opposing party under 60(b)(3). Nor does the Motion make any mention of a void or satisfied judgment under 60(b)(4)-(5).

Under Rule 60(b)(1), a court can vacate a final judgment or order because of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Relief under Rule 60(b)(6), although it may read like a "catch-all" provision, is afforded "only in exceptional or extraordinary circumstances." *Blue Diamond Coal Co.*, 249 F.3d at 524 (citing *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)). "[B]ecause 'almost every conceivable ground for relief is covered' under the [five] other subsections of Rule 60(b) . . . courts must apply Rule 60(b)(6) relief only in 'unusual and extreme situations where principles of equity *mandate* relief.'" *Id.* (quoting *Olle*, 910 F.2d at 365) (emphasis in original).

---

[1] As Moore is currently proceeding *pro se*, the Court acknowledges its duty to review his filings under a lenient standard, liberally construing his pleadings. *See Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985). "Although liberal construction requires active interpretation of the filings of a *pro se* litigant . . . it has limits." *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) (citing *Franklin*, 765 F.2d at 85). "Liberal construction does not require a court to conjure allegations on a litigant's behalf." *Id.* (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). And, "*pro se* parties must still brief the issues advanced 'with some effort at developed argumentation.'" *Snyder v. United States*, 23 F. App'x 212, 213 (6th Cir. 2001) (quoting *United States v. Reed*, 167 F.3d 984, 993 (6th Cir. 1999)).

3

Even taking Plaintiff's assertions as true that this case was dismissed due to the legal malpractice of Attorney Bernstein, Rule 60(b) relief is nonetheless unwarranted. The purported legal malpractice of counsel does not constitute the requisite "mistake, inadvertence, surprise, or excusable neglect," or "exceptional or extraordinary circumstances" to warrant either 60(b)(1) or 60(b)(6) relief. *See McCurry ex rel. Turner v. Adventist Health Sys.*, 298 F.3d 586, 593 (6th Cir. 2002) (rejecting 60(b)(1) and 60(b)(6) relief based upon "erroneous advice" of the plaintiff's former attorney"); *FHC Equities, LLC v. MBL Life Assurance Corp.*, 188 F.3d 678, 683-87 (6th Cir. 1999) (recognizing that neither strategic miscalculation nor counsel's misinterpretation of the law warrants relief from a judgment); *Anthony v. Gilman*, No. 4:03-cv-87, 2006 WL 3290141, at *2 (W.D. Mich. Nov. 13, 2006) (rejecting prisoner's argument that he was entitled to 60(b) relief in § 1983 action based upon, *inter alia*, allegations that his counsel was ineffective). *Accord Aponte v. City of New York Dep't of Corr.*, 377 F. App'x 99, 100 (2d Cir. 2010) ("The district court did not abuse its discretion by denying Appellant's Rule 60(b) motion for reconsideration because it was premised on the legal malpractice of counsel and not the merits of the underlying litigation."); *Rose v. Bonnet*, 402 F. App'x 226, 228 (9th Cir. 2010) (finding that counsel's calendaring mistakes and ignorance of the law in failing to file a timely opposition to defendants' summary judgment motion did not establish valid grounds for relief under 60(b)(1)) (citing *Casey v. Albertson's*, 362 F.3d 1254, 1260 (9th Cir. 2004)).

It is likewise improper for the Court to reopen this matter so that Plaintiff can add a legal malpractice claim. *See Aponte*, 377 F. App'x at 100. Plaintiff must initiate a new

4

action should he wish to pursue a legal malpractice action against his counsel, as the Court declines to exercise its discretion to reopen this case.

III. CONCLUSION

Accordingly, for the reasons stated herein,

**IT IS ORDERED** that Plaintiff's construed Motion for Relief from Judgment (Doc. # 92) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff is **PROHIBITED FROM FILING** any additional motions or pleadings in this action, without first obtaining leave of Court.

This 17th day of October, 2018.

Signed By:
David L. Bunning
United States District Judge

L:\DATA\ORDERS\London\2014\14-114 Order.docx